## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CRIMINAL NO.: 20-00089-JB-MU |
| VON CLAY BENNETT JR. | : |

### ORDER ON ARRAIGNMENT

On this date, the defendant, **Von Clay Bennett, Jr.**, appeared, with consent by video, and defendant's **appointed counsel Andrew Jones** appeared in open court. Defendant was arraigned in accordance with Rule 10, Federal Rules of Criminal Procedure. The United States was represented by **Assistant U. S. Attorney Lawrence Bullard for Assistant U. S. Attorney Gloria Bedwell.**

PLEA. The defendant entered a plea of **NOT GUILTY**. Counsel for the defendant is requested to contact the U. S. Attorney immediately if the defendant intends to engage in plea negotiations. **If defendant decides to change this plea, the parties shall file a Notice of Intent to Plead Guilty[1] no later than the pretrial conference** and the case will then be set on a plea docket. If defendant files a Notice of Intent to Plead Guilty prior to the pretrial conference, the Deputy Clerk will schedule a change-of-plea hearing based on the directions of the district judge to which the case is assigned.[2]

TRIAL. In order to ensure compliance with the Speedy Trial Act, this action is set for trial during the November 2020 criminal term. Jury selection is tentatively scheduled for **8:45 a.m., on October 26, 2020.** A request to reschedule the trial term may be presented in a joint motion if the parties agree that due to the nature of the case, more time is needed for discovery and adequate preparation by defense counsel. As is the practice in this District, the defendants shall certify their agreement to any requested continuances by timely filing a waiver of their speedy trial rights that substantially complied with the form attached to this Order (Attachment 1).

DISCOVERY. Discovery in this action shall be conducted according to the requirements of Criminal L. R. 16. If the United States has not provided the information required by Criminal L. R. 16.(b)(1) at the time of arraignment, a notice shall be filed no later than **September 18, 2020,** which identifies the outstanding discovery and provides the anticipated production date. Disclosures by the defendant, required in Criminal L.

---

[1] The Notice of Intent to Plead Guilty shall reflect the specific count(s) to which Defendant will plea and whether there is a plea agreement.

[2] In those instances where a Notice of Intent to Plead Guilty is filed prior to the pretrial conference date, it is not necessary for counsel or the defendant to appear for a conference.

R. 16(b)(4), shall be accomplished no later than **September 25, 2020.**

JENCKS ACT STATEMENTS.  The Government agrees to provide defense counsel with all Jencks Act statements no later than the **day scheduled for the commencement of the trial**.

PRETRIAL MOTIONS.  All pretrial motions under Fed.R.Crim.P. 12(b), 14 and 16 and all notices or demands under Fed.R.Crim.P. 12.1, 12.2, and 12.3, and Criminal L. R. 12.5 (entrapment), and any motion to compel must be filed no later than **TWO BUSINESS DAYS BEFORE THE FIRST PRETRIAL CONFERENCE HELD IN THIS CASE, October 9, 2020**.  Pretrial motions filed after this date **must** contain an explanation as to why they were not timely filed and will be considered only if good cause for the tardy filing has been shown.  Any motion for limine must be filed no later than **FIVE BUSINESS DAYS AFTER THE FIRST PRETRIAL CONFERENCE HELD IN THIS CASE, October 19, 2020.** Response to the motion in limine is due no later than **FIVE BUSINESS DAYS AFTER THE MOTION IS FILED**.  Motions to continue not raised prior to or during the Pretrial Conference are waived except in those situations when events occurring after the Pretrial Conference require an extension of the original period.

PRELIMINARY SENTENCING GUIDELINES INFORMATION.  The United States Probation Officer assigned to this case is **Melissa Rankin**.  Ms. Rankin is directed to prepare and file preliminary guideline sentencing calculations based on the relevant information that is available.  The preliminary report is to be filed no later than two days before the status conference, **September 21, 2020**, so that the parties will have sufficient time to review the report prior to the status conference.  The filing of these preliminary calculations is solely for the purpose of providing the attorneys and defendants with information that may be helpful in analyzing the possible applications of the United States Sentencing Guidelines and in preparing the case for trial or other resolution. Counsel shall be prepared to raise any questions or concerns about the calculations during the status conference.

STATUS CONFERENCE.  This action is scheduled for a status conference **before Magistrate Judge William E. Cassady** on **September 23, 2020,** at **10:10 a.m., by telephone.**  To access the conference, counsel shall use the following numbers: CALL IN 877-873-8018; ACCESS CODE 3291819.  The attorneys are expected to have conferred with their clients and to have thoroughly reviewed the preliminary report and discovery materials prior to the status conference so as to foster meaningful discussions about the ultimate disposition of the case.  The status conference represents a critical stage in the criminal proceedings; thus, participation by the attorneys is **mandatory**. The date and time of the status conference can be modified only with the approval of the Magistrate Judge, but in no event will the conference be conducted within seven days prior to the pretrial conference.

PRETRIAL CONFERENCE.  A pretrial conference is hereby scheduled to be conducted **by telephone**, on **October 13, 2020, at 10:15 a.m.**  To access the conference, counsel shall use the following numbers: CALL IN 877-873-8018; ACCESS CODE

3291819.  Defense counsel and counsel for the Government shall be prepared to discuss all pending motions and discovery requests, possible stipulations, estimated length of the trial, change of plea, preliminary guideline calculations and any other preliminary matters. **Counsel who considers it necessary to have his/her in-custody clients participate in the conference must notify the Magistrate Judge within three business days of the conference date so that the United States Marshal can be make arrangements with the facility where defendant is located.**  ***The parties are expected to give a firm commitment at the pretrial conference as to the final disposition of this case.*** **Motions for a continuance will only be considered if they have been filed prior to the pretrial conference and have an appropriate speedy trial waiver form attached.** (Attachment 2)

MANDATORY APPEARANCE OF COUNSEL.  Counsel of record for all parties are ORDERED to appear at all future Court proceedings in this criminal case.  Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their clients.  Any attorney who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed.  Substitute counsel shall not serve as counsel for a co-defendant unless permitted by the Court after proper motion.

DISCLOSURE STATEMENTS.  If a party is required to file a disclosure statement pursuant to Rule 12.4, Fed.R.Cr.P. and Criminal L. R. 12.4, the statement or statements shall be filed no later than **September 18, 2020.**

LOCAL RULES.  All parties are reminded that the Local Rules and Standing Orders of the Southern District of Alabama contain important requirements concerning discovery, representation of defendants, and other matters.  They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.), and posted on the Court's website, **http://www.alsd.uscourts.gov**.  Since they are amended from time to time, the most current version may be the version posted by the Clerk of Court.

DONE and ORDERED this 11th day of September, 2020.

            s/P. BRADLEY MURRAY
          UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT 1**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
_____ DIVISION**

**UNITED STATES OF AMERICA** *

**VS.**  *   Cr. Action No.: _____

_____

    **Defendant.**

**WAIVER OF RIGHT TO A SPEEDY TRIAL**

    I understand that I have the right to have my trial commence within the time required by the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, but have elected to have that time period extended.

    I, being fully advised of my rights regarding a speedy trial, knowingly, intelligently and voluntarily waive (GIVE UP) my right to a speedy trial. This decision has been made after I:

    (A) was advised by my attorney of the reasons for seeking a continuance;

    (B) became aware that the time requested in the extension may be excluded from any calculation of time under the Speedy Trial Act; and

    (C) with full understanding and knowledge, have agreed to the extension of time to the _____, 20_____ trial term.
                                           [month]

    I certify under the penalty of perjury that the foregoing is true and correct on this the _____ day of _____, 20_____.

_____
DEFENDANT'S SIGNATURE

APPROVED BY:

_____
ATTORNEY'S NAME
ATTORNEY FOR DEFENDANT